### Hoxie *vs.* Scott and others.

The defendant has the whole of the last day, specified in the order to answer, in which to serve his answer, and it is irregular in the complainant's solicitor to enter an order to take the bill as confessed, upon an affidavit made upon the last day, upon which the defendant could serve his answer, even though such affidavit was made at or after nine o'clock, in the evening. He should wait until the full time had expired before making his affidavit.

A defendant, after the time of answering has expired, may serve an answer at any time before an order to take the bill as confessed is actually entered with the clerk.

A complainant who is served with an answer, accompanied with payment of costs ordered, as a condition of being permitted to answer, cannot return the answer, as served too late, without also returning the costs so paid.

It appears from the facts presented by the affidavits in this cause, that a demurrer was argued at the last November term, and overruled. Under the 49th rule the defendant would have twenty days to answer, upon payment of costs of the hearing upon the demurrer. The time to answer was extended by stipulation until the 19th December, 1840, and the amount of costs were adjudged by the solicitors. The solicitors of both parties resided in Buffalo, and the clerk's office of the court was at Rochester.

58

Feb. 1841.

Hoxie
v.
Scott and
ethers.

The 19th of December, 1840, was Saturday; after 9 o'clock, upon the evening of that day, the solicitor for the complainant made an affidavit that no answer had been received, and sent it to the clerk at Rochester, with directions to enter an order to take the bill as confessed. On Monday morning, the 21st December, early, the solicitor for the defendants served upon the complainant's solicitor a copy of the defendants' answer, and paid the costs of the demurrer, and the complainant's solicitor gave a receipt for such costs, and an acknowledgement of the tender of such answer. In the afternoon of the same day, the complainant's solicitor returned the answer to the defendants' solicitor, but did not return the costs. The order to take the bill as confessed was not actually entered at Rochester, until the 22d day of December, one day after the answer was served upon the complainant's solicitor. The defendants' solicitor now moved to set aside the order to take the bill as confessed for irregularity.

*G. L. Marvin,* for complainant.

*B. Thompson,* for defendants.

THE VICE CHANCELLOR remarked that according to his notions of the practice, the complainant had been wrong in these particulars :

1. He had supposed that in any order to answer, the defendant had the whole of the time specified in such order to put in his answer; and that if an answer was put in and served at any time during the last day mentioned in such order, it would be sufficient; and that consequently the solicitor for the complainant could not, with propriety, make an affidavit

upon the last day in which an answer could be served, even though it should be made after nine o'clock in the evening, upon which an order could be properly founded to take the bill as confessed. The affidavit in this case was consequently irregular; and it makes no difference that this order to answer was upon the overruling of a demurrer under the 49 rule, extended by stipulation of the parties. The defendants had here, as in other cases, the whole of the extended time to put in his answer and pay the costs, and the complainant's solicitor could not properly make his affidavit until *after* the expiration of the last day to answer.

2. The defendant has a right to serve his answer at any time before the order to take the bill as confessed against him is actually entered. In this case the answer was served and the costs paid on the 21st December, and the order to take the bill as confessed against him for want of an answer, was not entered until the 22d December.

This would produce some inconvenience to persons living at a distance from the clerk's office, but the Vice Chancellor understood that this was the settled rule, and had so practised upon it, and understood that others had so practised, both in this court and the Supreme Court. Neither in this aspect does it make any difference that this order to answer was upon the overruling of a demurrer. The defendant had here, as in other cases, the whole time to answer until his default was regularly and actually entered. Here his answer was served and costs paid before the default was actually entered.

3. In any event the complainant's solicitor should, when he returned the answer to the defendants' soli-

citor, have also, if he did not intend to recognize it as an answer, have returned the costs of the demurrer paid to him upon service of the answer. This would have left both parties 'where they were before the service of a copy of the answer. The complainant's solicitor neglected to do this. He returned the answer but retained the costs accompanying its service. This cannot be tolerated. There is no equality or equity in this, and the Vice Chancellor decided at once, that the order to take the complinant's bill as confessed should be set aside as irregular, with $10 costs to the complainant.